IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Debra Lott, | |
| Plaintiff, | Civil Action File No.: |
| v. | |
| Radius Global Solutions, LLC, | **COMPLAINT WITH** |
| | **JURY TRIAL DEMAND** |
| Defendant. | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Debra Lott, is a natural person who resides in Bibb County, Georgia.

1

2. Defendant, Radius Global Solutions, LLC, is a limited liability company and may be served with process via its registered agent, CT Corporation System, at 289 South Culver Street, Lawrenceville, GA 30046.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a Registered Agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Debra Lott is a 52-year old woman with deteriorating health. She is disabled, suffering from chronic migraines, hypertension, and other physical impairments. She is unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of medical debt and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a collection agency specializing in the collection of consumer debt.

10. Radius advertises itself on its website as "...a leading provider of account recovery and debt collection..." http://www.radiusgs.com/about-us/.

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. As part of an ongoing effort to get her financial affairs in order, the Plaintiff obtained a copy of her credit report as published by Transunion and Experian on December 11, 2013.

14. Defendant reported numerous accounts to both Transunion and Experian as being in collection. Reproductions of these tradelines are reproduced below,

**RADIUS GLOBAL SOLUTIONS LLC #3926****
7831 GLENROY RDSUITE 250A
MINNEAPOLIS, MN 55439
(844) 802-3990

| | | | | | |
|---|---|---|---|---|---|
| Placed for collection: | 07/05/2019 | Balance: | $632 | Pay Status: | >In Collection< |
| Responsibility: | Individual Account | Date Updated: | 10/12/2019 | | |
| Account Type: | Open Account | Original Amount: | $632 | | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | MEDICAL-BIBB INPATIENT SERVICES LLC (Medical/Health Care) | | |
| | | Past Due: | >$632< | | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 01/2026

**RADIUS GLOBAL SOLUTIONS LLC #3939****
7831 GLENROY RDSUITE 250A
MINNEAPOLIS, MN 55439
(844) 802-3990

| | | | | | |
|---|---|---|---|---|---|
| Placed for collection: | 07/11/2019 | Balance: | $632 | Pay Status: | >In Collection< |
| Responsibility: | Individual Account | Date Updated: | 10/12/2019 | | |
| Account Type: | Open Account | Original Amount: | $632 | | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | MEDICAL-CHARTER INPATIENT SERVICES LL (Medical/Health Care) | | |
| | | Past Due: | >$632< | | |

**RADIUS GLOBAL SOLUTIONS LLC #4101****
7831 GLENROY RD SUITE 250A
MINNEAPOLIS, MN 55439
(844) 802-3990

| | | | | | | |
|---|---|---|---|---|---|---|
| **Placed for collection:** | 08/08/2019 | **Balance:** | $516 | **Pay Status:** | >In Collection< |
| **Responsibility:** | Individual Account | **Date Updated:** | 10/12/2019 | | |
| **Account Type:** | Open Account | **Original Amount:** | $516 | | |
| **Loan Type:** | COLLECTION AGENCY/ATTORNEY | **Original Creditor:** | MEDICAL-BIBB INPATIENT SERVICES LLC (Medical/Health Care) | | |
| | | **Past Due:** | >$516< | | |

Page 6 of 16



Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 12/2025

**RADIUS GLOBAL SOLUTIONS LLC #4140****
7831 GLENROY RD SUITE 250A
MINNEAPOLIS, MN 55439
(844) 802-3990

| | | | | | | |
|---|---|---|---|---|---|---|
| **Placed for collection:** | 08/15/2019 | **Balance:** | $632 | **Pay Status:** | >In Collection< |
| **Responsibility:** | Individual Account | **Date Updated:** | 10/12/2019 | | |
| **Account Type:** | Open Account | **Original Amount:** | $632 | | |
| **Loan Type:** | COLLECTION AGENCY/ATTORNEY | **Original Creditor:** | MEDICAL-CHARTER INPATIENT SERVICES LL (Medical/Health Care) | | |
| | | **Past Due:** | >$632< | | |

15. In total, Defendant is reporting $2,412.00 as being in collection through it office.

16. Not recognizing or being familiar with the accounts and deficiencies as reported by Defendant Transunion, the Plaintiff initiated a telephone call to Defendant on or about December 9th, 2019.

17. At that time she was informed by the Defendant that it was collecting multiple accounts were being collected on behalf of Inpatient Services and totaled $1,186.00, a figure far different than that being reported to the credit reporting agencies.

18. Upon information and belief, Defendant made representations to the Plaintiff offering a significant discount off the quoted balance of $1,186.00 but informed her that the reduced amount would have to be paid during the month of December and was subject to being revoked as the Defendant only had discretion to reduce the balance based upon the depletion of a pool of discounted settlements made available by the original creditor.

## **INJURIES-IN-FACT**

19. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health,*

*Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

20. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

21. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." McCamis, at 4, citing Church, at 3.

22. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

23. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

24. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

7

b.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry caused by concern that she is being called upon to pay an improper claim

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

25. Plaintiff incorporates by reference paragraphs 1 through 24 as though fully stated herein.

***Violations of 15 U.SC. § 1692e and its subparts***

26. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

27. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

28. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive

consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

29. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

30. The amount that the Defendant reported to Transunion as being in collection and emanating from Inpatient Services, LLC is $1,226.00, or almost 50%, more than the figure communicated to the Plaintiff on the same accounts by the Defendant. One of these representations, to the Plaintiff or to Transunion and its subscribers, or both is objectively false and has left the Plaintiff confused as to the amount she owes.

31. The Defendant's representations that the reduced settlement amount it was offering on December 9th was based upon a pool of funds allocated by the owner of the debt that was subject to depletion by other debtors being collected

upon was, upon information and belief, objectively false and misleading and designed to create an "act now!" urgency in the Plaintiff.

32. The representations above violated 15 U.S.C. § 1692e, e(5), and e(10).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, et seq.

33. Plaintiff incorporates by reference paragraphs 1 through 24 and 26 through 32 as though fully stated herein.

34. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

35. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

36. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

37. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

38. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

39. Defendant's conduct has implications for the consuming public in general.

40. Defendant's conduct negatively impacts the consumer marketplace.

41. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

42. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

43. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

44. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

45. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

46. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 31st day of December, 2019.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorneys*