UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA (ATLANTA)

| | |
|---|---|
| DEBRA LOTT,<br><br>    Plaintiff,<br><br>v.<br><br>RADIUS GLOBAL SOLUTIONS, LLC,<br><br><br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§ Case No. 1:19-CV-05861-SDG-LTW<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## RADIUS GLOBAL SOLUTIONS, LLC'S
## ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Radius Global Solutions, LLC ("RGS"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this answer and affirmative defenses to the complaint filed by plaintiff, Debra Lott, and states:

### PRELIMINARY STATEMENT

RGS admits only that plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390, *et seq.*, but denies any and all violations, liability, damages, and/or

1

wrongdoing. Except as specifically admitted, RGS denies the allegations in the unnumbered paragraph.

## PARTIES

1. Upon information and belief, RGS admits plaintiff is a natural person and resides in Bibb County, Georgia.

2. RGS admits the allegations in ¶ 2.

## JURISDICTION AND VENUE

3. RGS denies the allegations in ¶ 3 as calling for a legal conclusion.

4. RGS denies the allegations in ¶ 4 as calling for a legal conclusion.

5. RGS denies the allegations in ¶ 5 as calling for a legal conclusion.

6. RGS denies the allegations in ¶ 6 as calling for a legal conclusion.

## FACTUAL ALLEGATIONS

7. RGS denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8. RGS denies the allegations in ¶ 8 as calling for a legal conclusion.

9. RGS admits only that part of its business involves the collection of unpaid accounts and obligations. Except as specifically admitted, RGS denies the allegations in ¶ 9.

10. http://www.radiusgs.com/about-us/ speaks for itself and is the best evidence of its contents.  To the extent the allegations state otherwise, they are denied.

11. RGS admits only that part of its business involves the collection of unpaid accounts and obligations.  Except as specifically admitted, RGS denies the allegations in ¶ 11.

12. RGS denies the allegations in ¶ 12 as calling for a legal conclusion.

13. RGS denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein.

14. RGS denies the allegations in ¶ 14 as written.

15. RGS denies the allegations in ¶ 15 as written.

16. RGS admits only that plaintiff called it to discuss her unpaid accounts on December 9, 2019.  Except as specifically admitted, RGS denies the allegations in ¶ 16.

17. RGS denies the allegations in ¶ 17.

18. RGS denies the allegations in ¶ 18.

## INJURIES-IN-FACT

19. The FDCPA speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

20. RGS denies the allegations in ¶ 20 as calling for a legal conclusion.

21. RGS denies the allegations in ¶ 21 as calling for a legal conclusion.

22. RGS denies the allegations in ¶ 22.

23. RGS denies the allegations in ¶ 23.

## DAMAGES

24. RGS denies the allegations in ¶ 24, including its subparts (a) through (c).

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 et seq.

25. RGS reasserts the foregoing as if fully stated herein.

**Violations of 15 U.S.C. § 1692e and its subparts**

26. 15 U.S.C. § 1692e speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

27. RGS denies the allegations in ¶ 27.

28. RGS denies the allegations in ¶ 28 as calling for a legal conclusion.

29. RGS denies the allegations in ¶ 29 as calling for a legal conclusion.

30. RGS denies the allegations in ¶ 30.

31. RGS denies the allegations in ¶ 31.

32. RGS denies the allegations in ¶ 32.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT – O.C.G.A. § 10-1-390, *et seq.*

33. RGS reasserts the foregoing as if fully stated herein.

34. RGS admits the allegations in ¶ 34.

35. RGS denies the allegations in ¶ 35 as calling for a legal conclusion.

36. RGS denies the allegations in ¶ 36 as calling for a legal conclusion.

37. RGS denies the allegations in ¶ 37 as calling for a legal conclusion.

38. RGS denies the allegations in ¶ 38.

39. RGS denies the allegations in ¶ 39.

40. RGS denies the allegations in ¶ 40.

41. RGS admits only that it does not have a place of business in Georgia. Except as specifically admitted, RGS denies the allegations in ¶ 41 as calling for a legal conclusion.

42. RGS denies the allegations in ¶ 42.

43. RGS denies the allegations in ¶ 43.

44. RGS denies the allegations in ¶ 44.

45. RGS denies the allegations in ¶ 45.

## **TRIAL BY JURY**

46. RGS admits plaintiff has requested a trial by jury but denies plaintiff is entitled to any relief.

## PRAYER FOR RELIEF

RGS denies that plaintiff is entitled to any relief, including the relief sought in subparts (a) through (f).

## RGS'S AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. RGS denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of RGS's purported violations.

3. One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

4. Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5.	Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than RGS and were beyond the control or supervision of RGS or for whom RGS was and is not responsible or liable.

6.	Plaintiff fails to state a claim against RGS upon which relief may be granted.

WHEREFORE, defendant, Radius Global Solutions, LLC, respectfully requests the Court dismiss this action with prejudice and grant it any other and further relief the Court deems appropriate.

Date:  March 3, 2020	Respectfully submitted,

*/s/ Kirsten Smith*
Kirsten H. Smith (#702220)
SESSIONS, FISHMAN, NATHAN & ISRAEL
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002
Telephone: (504) 828-3700
Facsimile:  (504) 828-3737
Email: ksmith@sessions.legal
*Attorney for Defendant*
*Radius Global Solutions, LLC*

## **CERTIFICATE OF SERVICE & COMPLIANCE**

I hereby certify that on March 3, 2020, a copy of the foregoing was electronically filed with the Clerk of the Court and served via CM/ECF upon all counsel of record.

I additionally certify that the above-referenced document has been prepared in Times New Roman (14 point) font and this satisfies the font size requirements of this Court.

*/s/  Kirsten H. Smith*
Kirsten H. Smith